Jeremy A. Moseley (#44830177)
Hannah R. Seifert (#42358613)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado  80202
Telephone:  303.244.1800
Facsimile:   303.244.1879
Email:   moseley@wtotrial.com
        seifert@wtotrial.com

*Attorneys for Defendants Garrison Property*
*and Casualty Insurance Company*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| ALYSSA LORENTZ,<br><br>Plaintiff,<br><br>v.<br><br>GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,  a foreign insurer, USAA CASUALTY INSURANCE COMPANY, a foreign insurer, AUTO INJURY SOLUTIONS INC., a foreign corporation, and JOHN DOE,<br><br>Defendants. | Case No.<br><br>**GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL** |

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
      COURT FOR THE DISTRICT OF MONTANA

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Garrison Property and Casualty Insurance Company[1] ("Garrison") hereby removes Case No. DV 18-0483 from the Thirteenth Judicial District, Yellowstone County, Montana, to the United States District Court for the District of Montana. In support of this removal, Garrison states as follows:

## BACKGROUND

Plaintiff Alyssa Lorentz commenced this action by filing a complaint ("Complaint") in the Thirteenth Judicial District Court, Yellowstone County, Montana, captioned *Alyssa Lorentz v. Garrison Property and Casualty Insurance Company, USAA Casualty Insurance Company, Auto Injury Solutions, Inc., and John Doe* (the "State Court Action"). (*See* Compl., attached as Exhibit A.) Plaintiff served the Complaint, Summons, and First Set of Combined Discovery Requests on Defendant USAA CIC through the Montana Commissioner of Securities and Insurance on April 10, 2018. (*See* April 11, 2018, Commissioner of Securities & Insurance Letter, attached as Exhibit B; Summons, attached as Exhibit C.)

---

[1] Although Garrison is a wholly-owned subsidiary of USAA Casualty Insurance Company ("USAA CIC"), USAA CIC is not a proper party because Plaintiff's policy was issued by Garrison, not by USAA CIC. Undersigned counsel is conferring with counsel for Plaintiff on this issue.

Plaintiff claims that Defendants breached the terms of her automobile insurance policy by failing to pay Plaintiff's claims for injury and damage arising from a car accident. (Ex. A, Compl. ¶¶ 9, 35.) Plaintiff asserts that Defendants have violated the Montana Unfair Trade Practices Act ("UTPA") in their evaluation and handling of her claim. (*Id.* at ¶¶ 29-34.) Plaintiff also asserts Defendant Auto Injury Solutions Inc. ("AIS") has acted negligently and is in breach of contract with USAA CIC and Garrison. (*Id.* at ¶¶ 36-37.)

Specifically, Plaintiff's Complaint asserts nine counts. Counts one through four allege claims for violation of Montana's UTPA. (*Id.* at ¶¶ 29-33.) The remaining counts allege: bad faith, breach of contract, third party beneficiary breach of contract, negligence, and punitive damages. (*Id.* at ¶¶ 34-38.) Plaintiff seeks damages, including punitive damages, and attorneys' fees. (*Id.* at ¶¶ 35, 36, 37, 38.) Plaintiff's Complaint does not quantify the amount of damages sought. (*See id.*)

The State Court Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Garrison has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as set forth more fully below.

## GROUNDS FOR REMOVAL

### I.    TIMELINESS

Unless removal of a Complaint is clear on its face, the thirty-day time limit

in 28 U.S.C. § 1446(b)(1) is not triggered. *Harris v. Bankers Life & Cas. Co.*, 425

F.3d 689, 694 (9th Cir. 2005) ("Thus, the first thirty-day period for removal in 28

U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable

on its face."). Here, Plaintiff has not alleged any amount in controversy. (*See

generally* Compl.) Thus, Garrison may remove at any time based on its own

investigation, and its removal here is, therefore, timely.

Alternatively, this Notice of Removal is also filed within 30 days of service

of the Complaint on USAA CIC through the Montana Commissioner of Securities

and Insurance on April 10, 2018. Thus, this Notice of Removal is also timely filed

pursuant to 28 U.S.C. § 1446(b)(1), if it applies. No previous application has been

made for the relief requested herein.

### II.   COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

Plaintiff is a citizen and resident of Carbon County, Montana. (Ex. A,

Compl. ¶ 1.) While the diversity statute speaks of "citizenship" and not

"residence," "a person's residence is prima facie her place of citizenship." *Wilson-

Condon v. Allstate Indem. Co.*, No. CV 11-05538, 2011 WL 3439272, at *1 n.1

(C.D. Cal. Aug. 4, 2011); *Adams v Matrixx Initiatives, Inc.*, No. CV-09-1529-

PHX-FJM, 2009 WL 3131459, at *2 (D. Ariz. Sept. 25, 2009) ("Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. Once the presumption arises, the burden of production shifts to the party challenging diversity to produce some contrary evidence to undermine the presumption.") (internal citations omitted).

In analyzing diversity of citizenship, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where is has its principal place of business." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005). At the time the Complaint was filed and at the time of this removal, Defendant USAA CIC, although not a proper party, was and is a corporation duly organized under the laws of the State of Texas, and its principal place of business is located in San Antonio, Texas. (USAA CIC Corporate Disclosure Statement; Company Search Report from Montana Office of Comm'r of Sec. & Ins., attached as Exhibit D; Compl. ¶ 3; Declr. of Elizabeth Fuller ¶¶ 6-8, attached as Exhibit E.)

At the time the Complaint was filed and at the time of this removal, Defendant Garrison was and is a corporation duly organized under the laws of the State of Texas, with its principal place of business in San Antonio, Texas. (Garrison Corporate Disclosure Statement; Company Search Report from Montana Office of Comm'r of Sec. & Ins., attached as Exhibit F; Compl. ¶ 2; Fuller Declr. ¶¶ 3-5, Ex. E.)

At the time the Complaint was filed and at the time of this removal,

Defendant AIS was and is a corporation duly organized under the laws of the State

of Delaware, with its principal place of business in Chicago, Illinois. (State of

Illinois Corporation File Detail Report, attached as Exhibit G; Compl. ¶ 4.)

AIS and USAA CIC are the only other Defendants in this case who have not

been sued under a fictitious name. AIS and USAA CIC consent to the removal of

this action. (*See* Notice of USAA Casualty Insurance Company and Auto Injury

Solution Inc.'s Consent to Removal.) Therefore, the unanimity requirement is met.

*See* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined

and served must join in or consent to the removal of the action.").

Because the parties are citizens of different states, and because USAA CIC,

Garrison, and AIS are not citizens of the State of Montana, complete diversity

exists and the action is removable. *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1),

1441(b); *see also Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 729 (9th Cir. 1993)

(holding "'first party' insurance action, or a suit by an insured against an insurer, is

not a 'direct action'" and citing cases in accord).

## III.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

To establish diversity jurisdiction, the amount in controversy must exceed

$75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). When, as here, the

Complaint does not quantify the damages or relief requested, the removing party

has the burden to demonstrate the amount in controversy exceeds $75,000 by a

preponderance of the evidence. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d

696, 699-701 (9th Cir. 2007) (requiring proof that it is "more likely than not" that

the amount in controversy exceeds the jurisdictional minimum). Ultimately, the

burden is "not daunting," and defendants are "not obligated to 'research, state, and

prove the plaintiff's claims for damages.'" *Cagle v. C&S Wholesale Grocers, Inc.*,

No. 2:13-cv-02134-MCE-KJN, 2014 WL 651923, at *6-7 (E.D. Cal. Feb. 19,

2014); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)

(estimation of amount in controversy, if not stated in the complaint, is not an

"insurmountable obstacle" and the calculation need not be a "one hundred percent"

accurate prediction of possible outcomes).

Proof of the amount in controversy may be made through facts set out in the

removal petition and by reference to "summary-judgment-type evidence." *Kroske*

*v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Evidence may be based on

reasonable estimates of damages and attorneys' fees. *Guglielmino*, 506 F.3d at

698-700. Reference to jury awards in similar cases in the jurisdiction can also be

used to estimate damages. *Kroske*, 432 F.3d at 980. When the defendant's

estimation of the amount in controversy is "'relatively conservative, made in good

faith, and based on evidence wherever possible,'" a court may conclude the burden

7

has been satisfied. *Cagle*, 2014 WL 651923, at *7 (quoting *Behrazfar*, 687 F. Supp. 2d at 1004).

Further, the Ninth Circuit recognizes that a demand letter can establish the amount in controversy. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). There, the court explained, "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Id.*

Here, based on a reasonable estimate of the amount in controversy for the claim, Plaintiff's damages exceed $75,000. As noted above, Plaintiff seeks damages, including medical expenses and lost wages, punitive damages, and attorneys' fees. Each category is appropriately included in the Court's consideration of the amount in controversy, but not all are necessary for Garrison to meet the jurisdictional threshold. *See Guglielmino*, 506 F.3d at 698-701.

Plaintiff's complaint, and her demand letter submitted to Defendants prior to filing this lawsuit, establish that the reasonable estimate of the amount in controversy exceeds $75,000. Specifically, Plaintiff submitted a demand letter, through counsel, on March 14, 2018, seeking $2,000 in wage earner benefits, $100,000 in Underinsured Motorist coverage, and $10,000 in Medical Payments coverage. (*See* March 14, 2018, Letter, attached as Exhibit H.) In her demand letter and the complaint, Plaintiff calculates lost wages of $27,930.32 and medical

8

expenses of $24,795.54 to date. (Ex. A, Compl. ¶ 13; Ex. H, Demand Letter at 3.) Further, Plaintiff's claim of continuing wrist pain raises the issue of future medical expenses. (*Id.*)

Additionally, Plaintiff seeks an award of punitive damages for alleged malicious or fraudulent conduct by Defendants. (Ex. A, Compl. ¶ 38.) Punitive damages are properly considered as a part of the amount in controversy, and the Ninth Circuit has approved a "conservative[] estimate[]" of punitive damages at a 1:1 ratio to economic damages. *Guglielmino*, 506 F.3d at 699-701. Plaintiff also seeks an award for attorneys' fees, further demonstrating that the amount in controversy exceeds $75,000. (Ex. A, Compl. ¶¶ 35-37.)

In sum, Plaintiff has demanded $120,000 in policy benefits and calculates her economic damages to date at over $52,000. The potential for recovery of punitive damages and attorney's fees should also be considered. On the facts set out in this notice, in conjunction with the supporting evidentiary materials provided to the Court, Garrison has met its burden to prove by a preponderance of the evidence that the jurisdictional threshold is met. *See* 28 U.S.C. § 1332(a). Accordingly, this Court has jurisdiction over Plaintiff's complaint under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446.

## **VENUE**

This action is properly removed to the United States District Court for the District of Montana, Billings Division, because it is the district and division embracing Yellowstone County, Montana, where the State Court Action is pending. *See* 28 U.S.C. §§ 1391, 1441(a).

## PROCESS, PLEADINGS, AND ORDERS SERVED

Pursuant to 28 U.S.C. §§ 1446(a) and this Court's procedures, copies of all process, pleadings, and orders served on USAA CIC in the State Court Action as of the date of filing of this notice are attached as Exhibits A through C.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d) and Local Rule 3.3, a copy of this Notice of Removal is being served on Plaintiff and is being filed with the Clerk of the Court in the Thirteenth Judicial District, Yellowstone County, Montana. A Copy of the Notice of Filing of Notice of Removal, to be filed contemporaneously herewith in the State Court Action, is attached as Exhibit I.

## REQUEST FOR LIMITED DISCOVERY IF NEEDED

Finally, Garrison reserves the right to seek limited discovery on the issue of diversity jurisdiction, if necessary, as contemplated by *Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001). For example, in the event Plaintiff contests whether Garrison has shown the amount in controversy exceeds $75,000, Garrison requests limited discovery on that issue. *See id.*

## CONCLUSION

For the reasons set forth above, Defendant Garrison Property and Casualty Insurance Company gives notice that the State Court Action in the Thirteenth Judicial District, Yellowstone County, Montana, is hereby removed to the United States District Court for the District of Montana, Billings Division.

Respectfully submitted this 10th day of May, 2018.

*s/ Hannah R. Seifert*
Jeremy A. Moseley (#44830177)
Hannah R. Seifert (#42358613)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado  80202
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email:   moseley@wtotrial.com
         seifert@wtotrial.com

*Attorneys for Defendant*
*Garrison Property and Casualty Insurance*
*Company*

11

## CERTIFICATE OF SERVICE

I hereby certify that on May 10th, 2018, a copy of the foregoing **GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL** was electronically filed and served on the following persons by the following means:

1. 2.   CM/ECF
\_\_\_\_\_ Hand Delivery
\_\_\_\_\_ Mail
\_\_\_\_\_ Overnight Delivery Service
\_\_\_\_\_ Facsimile
\_\_\_\_\_ E-Mail

1.     Clerk, U.S. District Court

2.     Shane Colton
     Jaclyn S. Laferriere
     EDMISTON & COLTON LAW FIRM
     310 Grand Avenue
     Billings, MT59101
     *(Attorneys for Plaintiff Alyssa Lorentz)*

s/ *Hannah R. Seifert*
WHEELER TRIGG O'DONNELL LLP
*Attorneys for Defendant*
*Garrison Property and Casualty Insurance*
*Company*