# EXHIBIT A

Shane Colton
Jaclyn S. Laferriere
**EDMISTON & COLTON LAW FIRM**
310 Grand Avenue
Billings, MT 59101
Telephone: (406) 259-9986
Facsimile: (406) 259-1094
E-mail: scolton@yellowstonelaw.com
jaclyn@yellowstonelaw.com

Attorney for Plaintiff

CLERK OF THE
DISTRICT COURT
TERRY HALPIN

2018 APR 5 PM 3 07

FILED
BY _____
DEPUTY

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| ALYSSA LORENTZ, <br><br> Plaintiff, <br><br> vs. <br><br> GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign insurer, USAA CASUALTY INSURANCE COMPANY, a foreign insurer, AUTO INJURY SOLUTIONS INC., a Foreign Corporation, and JOHN DOE, <br><br> Defendant. | Cause No. DV 18-0483 <br><br> Judge: GREGORY R. TODD <br><br> **COMPLAINT AND JURY TRIAL DEMAND** |

COMES NOW ALYSSA LORENTZ (hereinafter "Plaintiff") by and through her attorneys, Shane Colton and Jaclyn S. Laferriere for her Complaint against the Defendants, states and alleges as follows:

1. Plaintiff is a resident of Joliet, Carbon County, Montana.

2. Garrison Property and Casualty Insurance Company (hereinafter "Garrison") is a foreign business entity engaged in the business of insurance with its principal place of business

outside the state of Montana. Defendant Garrison is also a subsidiary of USAA Casualty Insurance Company.

3. USAA Casualty Insurance Company (hereinafter "USAA") is a foreign business entity engaged in the business of insurance with its principal place of business outside the state of Montana.

4. Auto Injury Solutions, Inc. (hereinafter "AIS"), a Delaware corporation and a subsidiary of CCC Information Services, Inc., assists in the handling of first and third party casualty claims resulting from automobile accidents, improving claims management and reducing expenses for auto insurance carriers through "technology and outsourcing services including medical bill review, PPO, professional review, demand package devaluation, general damages solution integration, injury causation analysis, New Jersey solutions, mailroom, and call center."

5. Garrison, USAA and AIS are collectively referred to as "Defendants."

6. USAA and AIS entered into a contract under which USAA paid consideration to AIS to act as its agents in administering med pay claims which included denying claims, paying claims, or in the alternative, they acted as third parties and not as agents. AIS at all pertinent times worked in concert with USAA and controlled the decisions USAA made with respect to paying claims to its first-party insureds.

7. John Doe is the alter ego, a/k/a or other business name for the listed defendants who is either the insurance company that issued the policy benefitting Alyssa Lorentz or an individual involved in the decision to deny Plaintiff's claims.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff purchased an automobile insurance from Defendant Garrison which was in effect on June 7, 2017. As part of the insurance coverage, Plaintiff purchased medical payments coverage (hereinafter "med pay"), wage earning disability coverage (hereinafter "wage earner), and Underinsured Motorist Coverage (hereinafter "UIM").

9. On or about June 7, 2017, Plaintiff was seriously injured when her vehicle was rear-ended near highway speeds by an inattentive driver on I-90 between Billings and Laurel Montana. The at-fault driver, Catherine M. Dempster, did not keep a proper lookout, failed to see Plaintiff slowing down for construction, and negligently collided with the rear-end of Plaintiff's vehicle at significant speed.

10. The negligence of Ms. Dempster was the cause of the collision.

11. Plaintiff suffered serious injuries and incurred significant damages in the collision.

12. Plaintiff injured her cervical spine and left upper extremity. Ultimately, Plaintiff was diagnosed with left wrist de Quervain's tenosynovitis and scapholunate ligament injury requiring surgical intervention. At the time of the accident, Plaintiff was employed as a scrub technician at St. Vincent Healthcare. Plaintiff missed considerable amount of work following the subject accident due to her injuries and was ultimately taken completely off work at the end of June 2017 due to her injuries. Plaintiff returned to work with restrictions in early March 2018. She continues to experience weakness in her left wrist. Plaintiff's injuries are directly related to the June 7, 2017, motor vehicle accident.

13. Medical expenses arising from the accident currently total $24,795.54. Wage loss currently totals $27,930.32.

14. Ms. Dempster was insured by Safeco Insurance Company of Illinois (hereinafter "Safeco") at the time of the subject accident. Bodily limits of liability were $50,000.00 which Safeco offered to pay for release of its insured.

15. Counsel for Plaintiff made a claim for contractual Med Pay benefits from Garrison and USAA on August 18, 2017. In support of the claim, Plaintiff provided medical bills and medical records. Plaintiff requested the applicable med pay benefits be tendered immediately.

16. Counsel for Plaintiff wrote again on September 27, 2017, providing additional medical bills and medical records and, again, requested contractual Med Pay benefits be remitted immediately.

17. On October 9, 2017, Counsel for Plaintiff wrote requesting a payment ledger for any bills paid as well as tender of the remaining applicable med pay benefits.

18. Counsel for Plaintiff wrote on November 8, 2017, requesting a copy of the payment ledger to date and that the remaining med pay benefits be remitted immediately. Copies of prior communication were included.

19. On January 12, 2018, Counsel for Plaintiff wrote requesting authority to settle Plaintiff's liability claim with Safeco and to proceed with UIM claim under Plaintiff's insurance policy. Medical bills and records received to date were provided with the January 12, 2018, correspondence.

20. Counsel for Plaintiff wrote on January 30, 2018, requesting the payment ledger and demanding tender of the remaining applicable Med Pay benefits. Medical bills and records received to date were again provided in support of Plaintiff's request for benefits.

21. On January 30, 2018, Counsel for Plaintiff submitted a request for applicable wage earner disability benefits pursuant to her policy. Wage loss documentation was provided in support of Plaintiff's request.

22. On March 14, 2018, Counsel for Plaintiff wrote to AIS with a final demand that the remaining applicable med pay benefits be tendered.

23. On March 14, 2018, Counsel for Plaintiff wrote to all defendants providing copies of Plaintiff's medical bills and records to date as well as wage loss documentation. Counsel for Plaintiff demanded the tender of wage earner benefits, UIM benefits and Med Pay benefits in accordance with Plaintiff's automobile insurance policy.

24. Defendants through Representatives Veronica O'Grady and Mara Kilpatrick have denied Plaintiff's requests for coverages, for which she's paid premiums, under her automobile insurance policy. Defendants refuse to pay all of the costs associated with the medical treatment.

25. Defendants deny coverage despite the fact that it has been provided on multiple occasions with itemized statements of the charges along with the corresponding medical records showing the serious nature of the Plaintiff's injuries.

26. Defendants deny wage earner disability coverage despite the fact that it has been provided with wage loss documents showing the significant loss of income incurred as a result of the underlying motor vehicle accident.

27. Defendants deny UIM benefits despite the fact that it has been provided with medical and wage documentation demonstrating the significant of damages incurred by their insured as a result of an underinsured motorist. Specifically, the damages sustained by its insured greatly exceeded the available liability limits and yet Defendants denied Plaintiff's claims.

28. The conduct of Defendants is reprehensible and in violation of Montana law as follows:

### COUNT 1 – M.C.A. §33-18-201(1)

29. Defendants misrepresented the nature of the coverage available to its insured, Plaintiff, Alyssa Lorentz. Specifically, Defendants represented that payment coverage would be available and promptly paid in the event that a listed insured was injured as a result of some type of motor vehicle collision. By refusing to fully process the charges and pay what is owed, Defendants have violated M.C.A. §33-18-201(1).

### COUNT 2 – M.C.A. §33-18-201(4)

30. Defendants have refused to pay claims without conducting a reasonable investigation based upon all information. Defendants have been provided bills and records related to Plaintiff's injuries yet refuse to pay the charges. This conduct is in violation of M.C.A. §33-18-201(4).

### COUNT 3 – M.C.A. §33-18-201(5)

31. Defendants have failed to affirm coverage and pay benefits owed. Defendants have been provided all necessary information to process medical payment coverage and pay benefits but refused to do so. This conduct is in violation of M.C.A. §33-18-201(5).

### COUNT 4 – M.C.A. §33-18-201(6)

32. Liability for medical payment coverage is crystal clear, yet Defendants have refused to attempt in good faith to effectuate prompt, fair and equitable payment of benefits. This conduct is in violation of M.C.A. §33-18-201(6).

33. Liability for wage earner disability coverage is crystal clear, yet Defendants have refused to attempt in good faith to effectuate prompt, fair and equitable payment of benefits. This conduct is in violation of M.C.A. §33-18-201(6).

### COUNT 5 – BAD FAITH

34. Defendants continue to delay the investigation and payment of the claim by unreasonably requiring Plaintiff to continually submit proof of loss documents that contain substantially the same information and this conduct violates M.C.A. §33-8-201(12).

### COUNT 6 – BREACH OF CONTRACT

35. The conduct of Defendants including but not necessarily limited to its refusal to promptly pay sums owed such as the medical payments and wage earner portions of the insurance contract, constitutes a breach of the insurance contract. Further, the insured, Plaintiff Alyssa Lorentz, has been forced to file suit to obtain the benefits of this contract and pursuant to Montana law, Plaintiff is entitled to fees and costs associated with this action.

### COUNT 7 – THIRD PARTY BENEFICIARY BREACH OF CONTRACT

36. Plaintiff is a third beneficiary of the contract(s) between Garrison, USAA and AIS for proper claims handling. Defendant AIS constituted a breach of its contract with Garrison and USAA including, but not necessarily limited to, its refusal to recommend Garrison and USAA promptly pay sums owed and the medical payments and wage earner portions of the insurance contract, despite the fact those benefits were owed to Plaintiff under her insurance contract with Garrison and USAA. Further, the insured Plaintiff has been forced to file suit to obtain the benefits of this contract and pursuant to Montana law, Plaintiff is entitled to fees and costs associated with this action.

Case 1:18-cv-00082-SPW-TJC   Document 1-1   Filed 05/10/18   Page 9 of 10

## COUNT 8 – NEGLIGENCE

37. AIS owed a duty to Plaintiff by way of their business relationship with Garrison and USAA, and pursuant to Montana law, to use reasonable care in the manner in which they carried out their responsibility to, for and on behalf of Plaintiff, including but not limited to their expeditious handling and processing of Plaintiff's Med Pay claims. AIS failed to properly or timely evaluate Plaintiff's Med Pay claims, failed to adopt and implement reasonable standards for the prompt processing and without the proper cause to authorize compensation to Plaintiff for clearly reasonable, necessary and causally related to the June 7, 2017, motor vehicle accident. As a proximate result of AIS negligence, Plaintiff has suffered and continues to suffer losses and damages from their wrongful delay and denial of benefits owed, which include but are not limited to benefits for medical expenses, pain and suffering, and pursuant to Montana law, fees and costs associated with this action.

## COUNT 9 – PUNITIVE DAMAGES

38. Defendants acted in conscious disregard of the certainty their conduct would harm Plaintiff and others like Plaintiff, all for the purpose of bringing economic pressure to bear upon her, leveraging her, and enhancing their own profits and income at Plaintiff's expense. The acts, decisions and conduct of Defendants clearly and convincingly demonstrates actual malice and/or actual fraud, and justify assessment of punitive damages against it for the purpose of disgorging all ill-gotten gains obtained through such wrongful behavior, taking the profit out of unlawful claim handling practices, punishing and making an example of Defendants sufficient to deter similar fraudulent and malicious behaviors by these Defendants and all other insurers doing business in Montana, now and forever in the future, all in accordance with the strict procedural and substantive protections afforded by Montana law.

**WHEREFORE**, Plaintiff respectfully pays for judgment against Garrison, USAA and AIS sufficient to fully compensate her for all of her injury, damages and losses in an amount to be determined by the jury at the trail of this cause, for the assessment of punitive damages, for costs of suit, and for all such other and further relief as the Court may deem appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all the issues in this action.

DATED this 5th day of April, 2018.

**EDMISTON & COLTON LAW FIRM**

By: _____
SHANE COLTON
JACLYN S. LAFERRIERE
Attorney for Plaintiff