Shane Colton
Jaclyn S. Laferriere
**EDMISTON & COLTON LAW FIRM**
310 Grand Avenue
Billings, MT 59101
Telephone: (406) 259-9986
Facsimile: (406) 259-1094
E-mail: scolton@yellowstonelaw.com
jaclyn@yellowstonelaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALYSSA LORENTZ,<br><br>Plaintiff,<br><br>vs.<br><br>GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign insurer, AUTO INJURY SOLUTIONS INC., a Foreign Corporation, and JOHN DOE,<br><br>Defendants. | Case No. CV 18-82-BLG-SPW-TJC<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW ALYSSA LORENTZ by and through her attorneys, Shane Colton and Jaclyn S. Laferriere of EDMISTON & COLTON LAW FIRM, and for her First Amended Complaint against Defendants, states and alleges as follows:

1. Plaintiff is a resident of Joliet, Carbon County, Montana.

2. Garrison Property and Casualty Insurance Company ("Garrison") is a foreign business entity engaged in the business of insurance with its principal place of business outside the State of Montana.

3. Auto Injury Solutions, Inc. ("AIS") is a Delaware corporation and a subsidiary of CCC Information Services, Inc. AIS assists in the handling of first- and third-party casualty claims resulting from automobile accidents, improving claims management and reducing expenses for auto insurance carriers through "technology and outsourcing services including medical bill review, PPO, professional review, demand package devaluation, general damages solution integration, injury causation analysis, New Jersey solutions, mailroom, and call center."

4. Garrison and AIS (collectively "Defendants") entered into a contract under which AIS was paid consideration to act as Garrison's agent in administering claims for Medical Payments ("Med Pay") benefits, which included denying claims or paying claims. In the alternative, AIS acted as third parties and not as agents. AIS at all pertinent times worked in concert with Garrison and controlled the decisions Garrison made with respect to paying claims to its first-party insureds.

5. John Doe is the alter ego, a/k/a or other business name for the listed defendants who is either the insurance company that issued the policy benefitting Alyssa Lorentz or an individual involved in the decision to deny Plaintiff's claims.

**FACTS COMMON TO ALL COUNTS**

6. Plaintiff purchased an automobile insurance policy, Policy Number 01897-52-31R-7105-4, from Garrison which was in effect on June 7, 2017. As part of the insurance coverage, Plaintiff purchased Med Pay coverage, Wage Earner Disability ("Wage Earner") coverage, and Underinsured Motorist ("UIM") Coverage.

7. On or about June 7, 2017, Plaintiff was seriously injured when her vehicle was rear-ended near highway speeds by an inattentive driver on I-90 between Billings and Laurel, Montana. The at-fault driver, Catherine M. Dempster, did not keep a proper lookout, failed to see Plaintiff slowing down for construction, and negligently collided with the rear-end of Plaintiff's vehicle at significant speed.

8. Ms. Dempster's negligence was the cause of the collision.

9. Plaintiff suffered serious injuries and incurred significant damages in the collision.

10. Plaintiff injured her cervical spine and left upper extremity. Ultimately, she was diagnosed with left wrist de Quervain's tenosynovitis and scapholunate ligament injury requiring surgical intervention.

11. At the time of the wreck, Plaintiff was employed as a scrub technician at St. Vincent Healthcare. Plaintiff missed a considerable amount of work following the wreck due to her injuries and was ultimately taken off work completely at the end of June 2017. Plaintiff returned to work with restrictions in early March 2018. She continues to experience weakness in her left wrist.

12. Plaintiff's injuries are directly related to the June 7, 2017, motor vehicle wreck.

13. Medical expenses arising from the wreck currently total $24,795.54. Wage loss currently totals $27,930.32.

14. Ms. Dempster was insured by Safeco Insurance Company of Illinois (hereinafter "Safeco") at the time of the wreck. Bodily limits of liability were $50,000.00 which Safeco offered to pay for release of its insured.

15. On August 18, 2017, Counsel for Plaintiff made a claim for contractual Med Pay benefits from Garrison. In support of the claim, Plaintiff provided medical bills and medical records. Plaintiff requested the applicable Med Pay benefits be tendered immediately.

16. On September 27, 2017, Counsel for Plaintiff wrote again, providing additional medical bills and medical records and again requested contractual Med Pay benefits be remitted immediately.

17. On October 9, 2017, Counsel for Plaintiff wrote requesting a payment ledger for any bills paid and tender of the remaining applicable Med Pay benefits.

18. On November 8, 2017, Counsel for Plaintiff wrote requesting a copy of the payment ledger to date and requesting the remaining Med Pay benefits be remitted immediately. Copies of prior communications were included.

19. On January 12, 2018, Counsel for Plaintiff wrote requesting authority to settle Plaintiff's liability claim with Safeco and to proceed with a UIM claim under Plaintiff's insurance policy. Medical bills and records received to date were provided.

20. On January 30, 2018, Counsel for Plaintiff wrote requesting the payment ledger and demanding tender of the remaining applicable Med Pay benefits. Medical bills and records received to date were again provided in support of Plaintiff's request for benefits.

21. On January 30, 2018, Counsel for Plaintiff submitted a request for applicable Wage Earner benefits pursuant to her policy. Wage loss documentation was provided in support of Plaintiff's request.

22. On March 14, 2018, Counsel for Plaintiff wrote to AIS with a final demand that the remaining applicable Med Pay benefits be tendered.

23. On March 14, 2018, Counsel for Plaintiff wrote to both Defendants providing copies of Plaintiff's medical bills and records to date and wage loss documentation. Counsel for Plaintiff demanded the tender of Wage Earner benefits, UIM benefits and Med Pay benefits in accordance with Plaintiff's automobile insurance policy.

24. Wage Earner benefits were not paid until April 16, 2018, despite repeated requests for prompt payment.

25. Defendants, through Representatives Veronica O'Grady and Mara Kilpatrick, denied Plaintiff's requests for coverages, for which she paid premiums under her automobile insurance policy. Defendants refuse to pay all of the costs associated with the medical treatment.

26. Defendants deny coverage despite the fact that on multiple occasions they have been provided itemized statements of the charges along with the corresponding medical records showing the serious nature of Plaintiff's injuries.

27. Defendants delayed in paying Wage Earner coverage despite the fact that they were provided wage loss documents showing the significant loss of income incurred as a result of the motor vehicle wreck.

28. Defendants deny UIM benefits despite the fact that they have been provided medical and wage documentation demonstrating the significance of damages incurred by their insured as a result of an underinsured motorist. Specifically, the damages sustained by their insured greatly exceeded the available liability limits, yet Defendants denied Plaintiff's claims.

## COUNT I – UNDERINSURED MOTORIST COVERAGE

29. Plaintiff incorporates all preceding paragraphs.

30. On or about June 7, 2017, Plaintiff was insured by Garrison and meets the definition of "insured" under the policy language.

31. Catherine Dempster did not carry adequate liability insurance coverage and therefore is underinsured for motor vehicle liability purposes.

32. Plaintiff is entitled to a recovery of UIM coverage under the applicable Garrison automobile insurance policy for the harms and losses caused by Ms. Dempster. Accordingly, Garrison will be responsible to pay damages pursuant to its insurance contract.

33. Plaintiff requests a jury determine the amount of compensation which will make Plaintiff whole for injuries and damages suffered in the June 7, 2017, wreck.

## COUNT II – § 33-18-201(1), M.C.A.

34. Plaintiff incorporates all preceding paragraphs.

35. Defendants misrepresented the nature of the coverage available to their insured, Plaintiff. Specifically, Defendants represented that Med Pay coverage would be available and promptly paid in the event that a listed insured was injured as a result of some type of motor vehicle collision.

36. By refusing to fully process the charges and pay what is owed, Defendants violated § 33-18-201(1), M.C.A.

**COUNT III – § 33-18-201(4), M.C.A.**

37. Plaintiff incorporates all preceding paragraphs.

38. Defendants were provided medical bills, records, and wage information such that they had the ability to promptly evaluate Plaintiff's claims.

39. Defendants had a duty to conduct a reasonable investigation based on the available information.

40. Defendants refused to pay or delayed Plaintiff's Med Pay and Wage Earner claims without conducting a reasonable investigation based upon all available information.

41. This conduct violated § 33-18-201(4), M.C.A.

**COUNT IV – § 33-18-201(5), M.C.A.**

42. Plaintiff incorporates all preceding paragraphs.

43. Defendants were provided all necessary information to process Plaintiff's claims for Med Pay coverage and pay benefits but refused to do so.

44. Defendants failed to affirm coverage and pay benefits owed.

45. This conduct violated § 33-18-201(5), M.C.A.

**COUNT V – § 33-18-201(6), M.C.A.**

46. Plaintiff incorporates all preceding paragraphs.

47. Liability for Med Pay coverage is crystal clear, yet Defendants refused to attempt in good faith to effectuate prompt, fair and equitable payment of benefits. This conduct violated § 33-18-201(6), M.C.A.

48. Liability for Wage Earner coverage is crystal clear, yet Defendants delayed and failed to attempt in good faith to effectuate prompt, fair and equitable payment of benefits. This conduct violated § 33-18-201(6), M.C.A.

**COUNT VI – BAD FAITH**

49. Plaintiff incorporates all preceding paragraphs.

50. Defendants continue to delay the investigation and payment of Plaintiff's claims by unreasonably requiring Plaintiff to continually submit proof of loss documents that contain substantially the same information.

51. This conduct violated § 33-8-201(12), M.C.A.

**COUNT VII – BREACH OF CONTRACT**

52. Plaintiff incorporates all preceding paragraphs.

53. The conduct of Defendants, including but not limited to their refusal to promptly pay sums owed such as the Med Pay coverage under the insurance contract, constitutes a breach of the insurance contract.

54. The insured, Plaintiff Alyssa Lorentz, has been forced to file suit to obtain the benefits of this contract.

55. Pursuant to Montana law, Plaintiff is entitled to fees and costs associated with this action.

**COUNT VIII – THIRD-PARTY BENEFICIARY BREACH OF CONTRACT**

56. Plaintiff incorporates all preceding paragraphs.

57. Plaintiff is a third-party beneficiary of the contract(s) between Garrison and AIS for proper claims handling.

58. Defendant AIS breached its contract with Garrison through its conduct, including but not limited to its refusal to recommend Garrison promptly pay sums owed and the Med Pay and Wage Earner portions of the insurance contract, despite the fact that those benefits were owed to Plaintiff under her insurance contract with Garrison.

59. Plaintiff has been forced to file suit to obtain the benefits of this contract.

60. Pursuant to Montana law, Plaintiff is entitled to fees and costs associated with this action.

## COUNT IX – NEGLIGENCE

61. Plaintiff incorporates all preceding paragraphs.

62. AIS owed a duty to Plaintiff by way of their business relationship with Garrison, and pursuant to Montana law, to use reasonable care in the manner in which they carried out their responsibility to, for and on behalf of Plaintiff, including but not limited to their expeditious handling and processing of Plaintiff's Med Pay claims.

63. AIS failed to properly or timely evaluate Plaintiff's Med Pay claims.

64. AIS failed to adopt and implement reasonable standards for the prompt processing of Plaintiff's Med Pay claims,

65. AIS failed to authorize compensation to Plaintiff for her losses that were clearly reasonable, necessary and causally related to the June 7, 2017, motor vehicle wreck.

66. As a proximate result of AIS's negligence, Plaintiff has suffered and continues to suffer losses and damages from its wrongful delay and denial of benefits owed, including but not limited to benefits for medical expenses, pain and suffering, and, pursuant to Montana law, fees and costs associated with this action.

## COUNT X – PUNITIVE DAMAGES

67. Plaintiff incorporates all preceding paragraphs.

68.  Defendants acted in conscious disregard of the certainty their conduct would harm Plaintiff and others like Plaintiff, all for the purpose of bringing economic pressure to bear upon her, leveraging her, and enhancing their own profits and income at Plaintiff's expense.

69.  The acts, decisions and conduct of Defendants clearly and convincingly demonstrate actual malice and/or actual fraud, and justify assessment of punitive damages against them for the purposes of disgorging all ill-gotten gains obtained through such wrongful behavior, taking the profit out of unlawful claim handling practices, and punishing and making an example of Defendants sufficient to deter similar fraudulent and malicious behaviors by these Defendants and all other insurers doing business in Montana, now and forever in the future, all in accordance with the strict procedural and substantive protections afforded by Montana law.

**WHEREFORE**, Plaintiff respectfully pays for judgment against Garrison and AIS sufficient to fully compensate her for all of her injury, damages and losses in an amount to be determined by the jury at the trial of this cause, for the assessment of punitive damages, for costs of suit, and for all such other and further relief as the Court may deem appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all the issues in this action.

DATED this 6th day of June, 2018.

By: ______________________________

Shane Colton
Jaclyn Laferriere
EDMISTON & COLTON LAW FIRM
310 Grand Avenue
Billings, MT 59101
Telephone: 406-259-9986
Facsimile: 406-259-1094
Email: scolton@yellowstonelaw.com
jaclyn@yellowstonelaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2018, a copy of the foregoing was served upon the following by the following means:

| | | | |
|---|---|---|---|
| 1, 2 | CM/ECF filing | ________ | Overnight Delivery Service |
| ________ | Hand Delivery | ________ | Facsimile |
| ________ | U.S. Mail | ________ | E-mail |

1. Clerk, U.S. District Court

2. Jeremy A. Moseley
Hannah R. Seifert
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
*Attorneys for Defendant Garrison Property and Casualty Ins. Co.*

By: /s/ Jaclyn Laferriere
Shane Colton
Jaclyn Laferriere
EDMISTON & COLTON LAW FIRM

*Attorneys for Plaintiff*