IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALYSSA LORENTZ, | CV 18-82-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATION REGARDING DEFENDANT AUTO INJURY SOLUTIONS INC.'S MOTION TO DISMISS** |
| GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign insurer, AUTO INJURY SOLUTIONS, INC., a foreign corporation, | |
| Defendants. | |

Plaintiff filed this action against Defendant Garrison Property and Casualty Insurance Company ("Garrison") and Auto Injury Solutions, Inc. ("AIS") arising out of Garrison's alleged failure to pay benefits under an automobile insurance policy.  (Doc. 10.)  Plaintiff asserts claims under Montana's Unfair Trade Practices Act ("UTPA"), as well claims for bad faith, breach of contract and negligence. (*Id.*)

Presently before the Court is AIS's Motion to Dismiss the Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).  (Doc. 12.) Plaintiff has filed an opposition, and AIS has replied.  (Docs. 15, 18.)  The motion is fully briefed and ripe for the Court's review.

1

Having considered the parties' submissions, the Court **RECOMMENDS** AIS's Motion to Dismiss be **GRANTED**.

## I.  FACTUAL BACKGROUND

"In ruling on a motion to dismiss for lack of personal jurisdiction, a court may consider declarations, discovery materials, and uncontroverted allegations in the complaint." *Nationwide Agribusiness Ins. Co. v. Buhler Barth GmbH*, 2015 WL 6689572, *3 (E.D. Cal. Oct. 30, 2015) (citing *ADO Fin., AG v. McDonnell Douglas Corp.*, 931 F.Supp. 711, 714 (C.D. Cal. 1996)).  Therefore, for purposes of the instant motion, the Court accepts as true the uncontroverted facts from Plaintiff's Complaint.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

Garrison is a Texas corporation with its principal place of business in San Antonio, Texas.  (Doc. 1 at 5.)  Plaintiff purchased an automobile insurance policy from Garrison, which was in effect on June 7, 2017.  (Doc. 10 at ¶ 6.)  As part of the insurance coverage, Plaintiff purchased medical payment ("Med Pay") coverage, Wage Earner Disability coverage, and Underinsured Motorist ("UIM") coverage.  (*Id.*)

AIS is a Delaware corporation that maintains its principal place of business in Chicago, Illinois.  (Doc. 1 at 6.)  AIS and Garrison have a contractual agreement under which AIS administers claims for Med Pay benefits for Garrison.  (Doc. 10

at ¶ 4.)  There is no evidence that the services rendered by AIS under the contract are performed in Montana.

On or about June 7, 2017, Plaintiff was injured in an automobile accident on I-90 between Billings and Laurel, Montana.  (Doc. 10 at ¶ 7.)  Plaintiff incurred medical expenses and missed work as a result of the accident.  (*Id.* at ¶¶ 10-13.)

On August 18, 2017, Plaintiff's counsel submitted a claim to Garrison for Med Pay benefits.  (Doc. 10 at ¶ 15; Doc. 15-1 at 9.)  Plaintiff's counsel followed up on the request on September 27, 2017 and October 9, 2017.  (Doc. 10 at ¶¶ 16-17; Doc. 15-1 at 10-11.)  Plaintiff's counsel sent the September 27, 2017 and October 9, 2017 correspondence to "Auto Injury Solutions, Attn: USAA[1] Medical Mail Dept., P.O. Box 5000, Daphne, AL 36526" ("the AIS/USAA Medical Mail Department Address").  (Doc. 15-1 at 10-11.)

On November 7, 2017, Veronica O'Grady from Garrison sent a letter to Plaintiff's counsel on USAA letterhead.  (Doc. 15-1 at 12-18.)  The letter instructed Plaintiff to send all correspondence regarding her claim to the AIS/USAA Medical Mail Department address in Alabama.  (*Id.* at 12.)  Thereafter, Plaintiff's counsel sent all mail correspondence to the Alabama AIS/USAA Medical Mail Department address as directed.  (Doc. 15-1 at 19-20, 24-26, 43-45.)

---

[1] Garrison is a wholly owned subsidiary of USAA Casualty Insurance Company, which is a wholly owned subsidiary of United Services Automobile Association ("USAA").  (Doc. 2.)

In January 2018, Plaintiff's counsel requested Garrison open a UIM claim and requested Wage Earner benefits.  (Doc. 10 at ¶¶ 19, 21.)

In February 2018, Garrison provided various Explanations of Reimbursement ("EOR") to Plaintiff on her claim for Med Pay benefits.  (Doc. 15-1 at 29-41.)  The documents instructed Plaintiff to contact AIS customer service with questions regarding the information contained within the EORs.  (*Id.* at 41.)  The documents further indicated formal appeals of the claim payment decision should be submitted to Garrison at the AIS/USAA Medical Mail Department Address.  (*Id.*)

In March 2018, Plaintiff's counsel demanded tender of Wage Earner benefits, UIM benefits and Med Pay benefits.  (Doc. 10 at ¶¶ 22-23.)  On April 16, 2018, Garrison paid the Wage Earner benefits.  (*Id.* at ¶ 24.)  Garrison later paid the Med Pay benefits on June 4, 2018.  (Doc. 15-1 at 6, ¶ 22.)

 On April 5, 2018, however, Plaintiff filed a complaint in state court alleging claims for violations of the Montana Unfair Trade Practices Act, bad faith, breach of contract, third party beneficiary breach of contract, negligence, and punitive damages.  (Doc. 7 at ¶¶ 29-38.)  The action was removed to this Court on May 10, 2018.  (Doc. 1.)

/ / /

/ / /

## II.    DISCUSSION

### 1.    Legal Standard

When a defendant moves to dismiss a claim for lack of personal jurisdiction, the plaintiff bears the burden of proving that personal jurisdiction exists. *Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Nat. Gas Antitrust Litig.)*, 715 F.3d 716, 741 (9th Cir. 2013) (internal citations omitted). Where the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Schwarzenegger*, 374 F.3d at 800. A court's duty is to inquire into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction, accepting the plaintiff's allegations as true. *Id.* Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true. Conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id.*

To exercise personal jurisdiction over a non-resident defendant in a diversity case, a federal court must make the following determinations: (1) whether an applicable state rule or statute confers personal jurisdiction over the defendant; and (2) whether assertion of jurisdiction comports with constitutional principles of due process. *Data Disc Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977). With respect to the first inquiry, this Court is bound to look to

5

Montana law. *Haywood v. Travelers Indem. Co. of Am.*, 2006 WL 2860588, at *2

(D. Mont. October 3, 2016) (citations omitted).

The Montana Supreme Court has articulated a similar two-part test to

determine the existence of personal jurisdiction: (1) the court must ascertain

whether personal jurisdiction exists pursuant to Montana Rule of Civil Procedure

4(b)(1), Montana's long-arm statute; and (2) the court must assess whether

asserting such jurisdiction is consistent with "traditional notions of fair play and

substantial justice embodied in the due process clause." *Cimmaron Corp. v. Smith*,

67 P.3d 258, 260 (Mont. 2003) (*citing Threlkeld v. Colorado*, 16 P.3d 359, 361

(Mont. 2000)); *See also Simmons Oil Corp. v. Holly Corp.*, 796 P.2d 189, 193

(Mont. 1990).

Montana's long-arm statute provides in relevant part:

> All persons found within the state of Montana are subject to the
> jurisdiction of Montana courts. Additionally, any person is subject to the
> jurisdiction of Montana courts as to any claim for relief arising from the
> doing personally, or through an employee or agent, of any of the following
> acts:
> . . .
> (A)    the transaction of any business within Montana;
> (B)    the commission of any act resulting in accrual within Montana
>        or a tort action[.][2]

Mont. R. Civ. P. 4(b)(1)(A)-(B).

---

[2] These are the only provisions of Rule 4(b)(1) that Plaintiff argues the Court may
exercise specific jurisdiction under.

The first sentence of Rule 4(b)(1) establishes the requirements for general jurisdiction. *Cimarron Corp.*, 67 P.3d at 260 (*citing Bi-Lo Foods Inc. v. Alpine Bank, Clifton*, 955 P.2d 154, 157 (Mont. 1998). "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different state." *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.*, 137 S.Ct. 1773, 1780 (2017) (emphasis in original).

The remainder of Rule 4(b)(1) establishes the requirements for specific jurisdiction. *Cimarron Corp.*, 67 P.3d at 260. In contrast to general jurisdiction, specific jurisdiction is more limited, and requires the controversy be directly related to the defendant's contacts with the forum. *Bristol-Myers*, 137 S.Ct. at 1780.

If the Court finds it may exercise specific jurisdiction under Mont. R. Civ. P. 4(b)(1), it must next determine whether such exercise is commensurate with the defendant's due process rights under federal law. *Bedrejo v. Triple E Can. Ltd.*, 984 P.2d 739, 742 (Mont. 1999) (*citing Simmons v. State*, 670 P.2d 1372, 1376–77 (Mont. 1983); *Grizzly Sec. Armored Express, Inc. v. Armored Group, LLC*, 255 P.3d 143, 149 (Mont. 2011)).

The Ninth Circuit has developed the following three-part test to assess whether the exercise of specific jurisdiction comports with due process.

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or

7

perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.[3]  "The plaintiff bears the burden of satisfying the first two prongs of the test.  If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state."  *Id.* (internal citations omitted).

## 2.    Consent to Jurisdiction

Plaintiff first argues AIS has consented to personal jurisdiction by designating an agent for service of process in Montana.  AIS asserts having a registered agent in Montana does not equal consent to Montana jurisdiction.

Consent jurisdiction is an alternative, independent basis for jurisdiction.  Because personal jurisdiction is a personal right, a defendant may consent to a court's jurisdiction, and thereby waive its due process rights.  *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982).  When personal

---

[3] The Montana Supreme Court adopted this approach in *Simmons Oil Corp*, 670 P.2d at 1378.

jurisdiction rests upon consent, the standard jurisdictional analysis for general or specific jurisdiction does not apply.

There are a variety of ways a litigant may give express or implied consent to submit to the jurisdiction of the court. *Ins. Corp. of Ir.*, 456 U.S. at 703. For example, a defendant may waive the defense of lack of personal jurisdiction by not timely raising the issue in its initial response, or may agree to jurisdiction by signing a contract containing a forum selection clause. *Id.*

Consent can also be based on compliance with state business registration statutes. Whether compliance with a state's business registration statutes constitutes consent to personal jurisdiction is a question of state law. *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 575 (9th Cir. 2011) ("federal courts should look first and foremost to a state's construction of its own statute to determine whether appointment of an agent for service of process is a sufficient basis for the exercise of personal jurisdiction over a foreign corporation.").

As Plaintiff points out, in some states registering to do business and appointing an agent for service of process amounts to consent to personal jurisdiction in the state. Where registration-based consent has been recognized, however, such consent is generally provided for in the state's business registration statutes. *See e.g. Rykoff-Sexton, Inc. v. Am. Appraisal Assoc., Inc.*, 469 N.W.2d 88, 90-91 (Minn. 1991) ("Other states have limited personal jurisdiction based on

9

transacting business in the state to claims arising out of contacts with the forum.  In contrast, Minnesota's statutory scheme for express consent to service extends to all causes of action, not just those arising out of contacts with Minnesota"); *Bors v. Johnson & Johnson*, 208 F.Supp.3d 648, 653-55 (E.D. Pa. 2016) ("Pennsylvania's statute specifically advises the registrant of the jurisdictional effect of registering to do business."); *AK Steel Corp. v. PAC Op. Ltd. P'Ship*, 2017 WL 3314294, at *4 (D. Kan. Aug. 3, 2017) ("Kansas has a business registration statute which the Kansas Supreme Court has interpreted as establishing consent to general jurisdiction.").

The same is not true under Montana law.  Under Montana's registration statutes, a foreign corporation must obtain a certificate of authority to transact business within the state.  Mont. Code Ann. § 35-1-1026(1).  To obtain a certificate of authority, the corporation must appoint a registered agent for service of process. Mont. Code Ann. §§ 35-1-1028; 35-7-105.  A foreign corporation with a valid certificate of authority has the same rights and privileges, and is subject to the same duties, restrictions, penalties and liabilities as a domestic corporation.  Mont. Code Ann. § 35-1-1030(2).  The registration statutes specifically state, however, that "[t]he appointment or maintenance in this state of a registered agent does not by itself create the basis for personal jurisdiction over the represented entity in this state."  Mont. Code Ann. § 35-7-115.  Thus, the plain language of Montana's

10

registration statutes do not provide for registration-based consent to personal jurisdiction.

Further, the Montana Supreme Court recently rejected registration-based consent. In *DeLeon v. BNSF Ry. Co.*, 426 P.3d 1 (Mont. 2018), the Montana Court held registering to do business in Montana and subsequently conducting in-state business does not amount to consent to general personal jurisdiction in Montana. *Id.* at 9. The Court recognized that, although consent can be implied in certain circumstances, the defendant must be on notice that its actions might be construed as consent to personal jurisdiction. *Id.* at 6. The Court found that nothing in Montana's registration statutes put foreign corporations on notice that that by appointing a registered agent for service of process they would be consenting to personal jurisdiction. To the contrary, the Court noted "the statute explicitly tells corporations that they are *not* subject to personal jurisdiction in Montana based solely on their appointment of a registered agent." *Id.* at 7 (emphasis in original). The Court further noted that the express jurisdictional limitation set forth in § 35-7-115 "ensures that service of process and the scope of personal jurisdiction remain separate legal concepts." *Id.*

The Montana Supreme Court also stated that extending general personal jurisdiction over all foreign corporations that register to do business in Montana would run afoul of the Supreme Court's due process limitations on the exercise of

11

general jurisdiction.  *Id.* at 8-9.  Likewise, the Court held "adopting registration-based consent to general personal jurisdiction would render our long-arm statute's specific personal jurisdiction provisions superfluous."  *Id.* at 9.  Therefore, the Montana Supreme Court has made clear that compliance with the state's registration statutes does not constitute jurisdictional consent.  *See also Reservation Op. Ctr. LLC v. Scottsdale Ins. Co.*, 419 P.3d 121, 127 n.6 (Mont. 2018) (stating Montana's statute requiring foreign insurer to appoint the commissioner of insurance as its attorney to receive service of legal process "does not itself operate to confer jurisdiction of the court, but, rather, is a step in the procedural process for a foreign insurer to obtain authority to do business in Montana"); *King*, 632 F.3d at 572 (finding "the appointment of an agent for service of process in Montana does not confer personal jurisdiction over the Companies").

Accordingly, the Court finds AIS did not consent to personal jurisdiction in Montana by registering to do business in Montana and appointing a registered agent for service of process.  As such, the Court cannot exercise personal jurisdiction over AIS under a theory of consent.

### 3.    General Jurisdiction

AIS asserts there is no basis for exercising general jurisdiction over it because AIS cannot be "found" in Montana.  AIS points out that it is a Delaware corporation, and maintains its principal place of business in Chicago, Illinois.

12

(Doc. 13-1 at ¶ 2.)  It does not have a physical presence in Montana and does not own or operate any facilities in Montana.  (*Id.* at ¶5.)  AIS states it has never sold goods, products or services in Montana or directly to Montana consumers, and it does not derive any revenue from sales or services specifically directed to Montana consumers.  (*Id.* at ¶ 4.)  It also does not have employees, own real estate or maintain bank accounts in Montana.  (*Id.* at ¶¶ 6-7.)  Plaintiff does not dispute that there is no basis for asserting general jurisdiction over AIS.  (Doc. 15.) Accordingly, the Court may not exercise general jurisdiction over AIS under Montana's long-arm statute.

### 4.    Specific Jurisdiction

AIS also argues that it is not subject to specific jurisdiction. AIS contends that it has no contacts with Montana, does not contract with any Montana residents, performs no work in Montana, and has never availed itself of the state's laws. Instead, it argues, Plaintiff's claims arise out of AIS's non-forum related activities; namely, providing medical bill review services to Garrison outside of Montana.  At most, AIS states it had communications with Plaintiff, but asserts interstate mail and telephone communications are not sufficient contacts to justify the exercise of personal jurisdiction.  Therefore, AIS contends this Court cannot exercise specific personal jurisdiction over it.

Plaintiff argues the Court may exercise specific jurisdiction over AIS because it committed an act resulting in accrual of a tort action within the state and because it transacted business in Montana.  Plaintiff argues AIS negligently reviewed her medical bills and gave recommendations to Garrison, which Garrison in turn relied on in handling Plaintiff's claim in Montana.  Plaintiff asserts, therefore, AIS's actions led to the accrual of Plaintiff's tort claims in Montana. Further, Plaintiff argues AIS's involvement in this case was not merely based on its business relationship with Garrison.  Instead, Plaintiff asserts AIS directly involved itself in her insurance claim.  Plaintiff notes that all correspondence was to be sent to the AIS/USAA Medical Mail Department Address, and AIS's customer service number was offered to Plaintiff for questions about Med Pay reimbursements.  Thus, Plaintiff argues that by directing its auditing activities towards Montana, AIS has subjected itself to suit in Montana.

For the reasons set forth below, this Court finds AIS is not subject to specific jurisdiction.

> A. Whether Personal Jurisdiction Exists Pursuant to Montana Rule of Civil Procedure 4(b)(1)(B) - Accrual of Tort Action in Montana

In assessing whether a claim accrued in Montana under Rule 4(b)(1)(B), the Court must focus "on where the events giving rise to the tort claims occurred, rather than where the plaintiffs allegedly experienced or learned of their injuries."

14

*Tackett v. Duncan*, 334 P.3d 920, 928 (Mont. 2014). "A tort does not accrue in

Montana when all acts giving rise to the claims occur in another state." *Milky*

*Whey, Inc. v. Diary Partners, LLC*, 342 P.3d 13, 18 (Mont. 2015). Further, the

mere injury to a Montana resident is not a sufficient connection to the forum.

*Tackett*, 334 P.3d at 929. *See also Cimmaron*, 67 P.3d at 261-62 (holding the fact

the plaintiff was detrimentally affected within Montana by the defendant's actions

in Pennsylvania was not sufficient to establish the accrual of a tort action within

Montana).

Here, AIS's actions that gave rise to Plaintiff's claims occurred in another

state. AIS had a contract with Garrison, a Texas insurer, to perform medical bill

review services. It appears these services were performed in Alabama, as Plaintiff

was directed to send all correspondence to Alabama. There is no evidence that any

of AIS's processing occurred in Montana. There is also no evidence AIS ever

directly contacted Plaintiff or sent any communications to Montana. All

communications to Plaintiff regarding her claim were made by representatives of

Garrison.

At most, the evidence shows AIS received correspondence from Plaintiff

through the AIS/USAA Medical Mail Department address in Alabama. But that is

insufficient for specific jurisdiction. The Montana Supreme Court has determined

that jurisdiction under Rule 4(b)(1)(B) "is not acquired through interstate

communications pursuant to a contract to be performed in another state." *Bird v. Hiller*, 892 P.2d 931, 934 (Mont. 1995). *See also Threlkeld*, 16 P.3d at 365 (holding where the plaintiffs' tort claims related entirely to services to be performed in Colorado, the mere existence of interstate communications relating to those services did not provide a basis for personal jurisdiction over the defendant). Further, as made clear by the U.S. Supreme Court's opinion in *Walden v. Fiore*, 571 U.S. 277, 291 (2014), "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum state." *Id.* The "mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id.*

Plaintiff's reliance on *McGee v. Riekhof*, 442 F.Supp. 1276 (D. Mont. 1978) in support of her argument on this issue is also misplaced. In *McGee*, the plaintiff was treated in Utah for a detached retina. After returning to his residence in Montana, the plaintiff's wife contacted the treating ophthalmologist in Utah, and was advised by the physician that the plaintiff could return to work. When he did so, he suffered a retinal injury. The plaintiff filed suit in Montana Federal District Court, alleging the physician negligently advised plaintiff he could return to work too soon after the operation.

The Montana district court denied the Utah physician's motion to dismiss based on the lack of personal jurisdiction. The court pointed out that the plaintiff

did not claim that any treatment rendered in Utah was negligent; the claim was based solely upon the advice rendered by the physician during the telephone call with the plaintiff's wife in Montana. *Id.* at 1277. The court found this advice "clearly constituted new diagnosis," which was rendered telephonically in Montana. *Id.* at 1279. The court concluded it "would be fundamentally unfair to patients to permit doctors to telephonically render services and treatment in Montana, yet shield them from suit in Montana." *Id.*

Therefore, the court in *McGee* appropriately focused on where the services were rendered. It found personal jurisdiction based on the medical diagnosis and treatment recommendations rendered telephonically to the plaintiff in Montana, not because the plaintiff suffered injury in Montana as the result of medical care provided in Utah. That is not the case here. AIS did not render any services to Plaintiff in Montana. It appears the services rendered by AIS were performed in Alabama, not Montana.

The Court finds the fact that Plaintiff felt the injury in Montana because Garrison denied and/or delayed her claims here, is not sufficient to establish jurisdiction over AIS. AIS's alleged tortious acts occurred outside of Montana. Accordingly, AIS's actions did not result in the accrual of a tort action within Montana for purposes of Rule 4(b)(1)(B).

B.   Whether Personal Jurisdiction Exists Pursuant to
Montana Rule of Civil Procedure 4(b)(1)(A) -
Transaction of Business in Montana

Montana's long-arm statue also provides that a defendant may be subject to specific jurisdiction if the claim against it arises from the "transaction of any business within Montana."  Mont. R. Civ. P. 4(b)(1)(A).  The exercise of personal jurisdiction is proper under Rule 4(b)(1)(A) "where substantial interactions occur in Montana."  *Milky Whey*, 342 P.3d at 19.  However, merely entering into a contract with a Montana resident does not subject a non-resident to jurisdiction.  *Cimmaron*, 67 P.3d at 261.  Further, "[e]ven extensive interstate communications . . . do not give rise to jurisdiction where the contract is to be performed in another state."  *Milky Whey*, 342 P.3d at 19.  The Montana Supreme Court explained this is because "interstate communication is an almost inevitable accompaniment to doing business in the modern world, and cannot by itself be considered a 'contact' for justifying the exercise of personal jurisdiction."  *Cimmaron*, 67 P.3d at 261 (*citing Edsall Construction Co. Inc. v. Robinson*, 804 P.2d 1039, 1042 (Mont. 1991)).

Here, AIS did not enter into any contract with Plaintiff or any Montana resident.  The services AIS rendered to Garrison were performed wholly outside of Montana.  Other than receiving correspondence from Plaintiff at the direction of Garrison, there is no evidence AIS ever contacted Plaintiff or sent any communications to anyone in Montana.  All of the correspondence sent to Plaintiff

18

came directly from Garrison.  (*See* Doc. 15-1 at ¶¶ 8, 11-12, 15-17, 19-23.)  In addition, AIS has never sold goods, products or services in Montana or directly to Montana residents, does not derive revenue from sales or services specifically directed to Montana, has no physical presence in Montana, does not have any employees in Montana, and has never brought a lawsuit in Montana.  (Doc. 13-1 at ¶¶ 4-8.)  Accordingly, it appears AIS has done nothing to reach into Montana or avail itself of the privilege of doing business in the state.  As such, the Court finds AIS has not transacted any business within Montana for purposes of Rule 4(b)(1)(A).

Because the Court finds jurisdiction does not exist under Montana's long-arm statute, the Court may not exercise specific jurisdiction over AIS.  *Cimmaron*, 67 P.3d at 260 (stating that if personal jurisdiction does not exist under Rule 4(b)(1), further analysis of whether the exercise of personal jurisdiction comports with due process is unnecessary).

## III.   CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that AIS's Motion to Dismiss be **GRANTED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to

the findings and recommendations must be filed with the Clerk of Court and copies

served on opposing counsel within fourteen (14) days after service hereof, or

objection is waived.

**IT IS ORDERED**.

DATED this 15th day of November, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge