IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
JAN 23 2019
Clerk, U S District Court
District Of Montana
Billings

ALYSSA LORENTZ,

Plaintiff,

vs.

GARRISON PROPERTY AND
CASUALTY INSURANCE
COMPANY, a foreign insurer, AUTO
INJURY SOLUTIONS, INC., a foreign
corporation,

Defendants.

CV 18-82-BLG-SPW

ORDER

Before the Court are United States Magistrate Judge Timothy Cavan's findings and recommendation filed on November 15, 2018. (Doc. 19). Judge Cavan recommends this Court grant Defendant Auto Injury Solutions' (AIS) motion to dismiss for lack of personal jurisdiction.

I. **Standard of review**

Plaintiff Alyssa Lorentz filed timely objections to the findings and recommendation. (Doc. 20). Lorentz is entitled to de novo review of those portions of Judge Cavan's findings and recommendation to which she properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

1

When a defendant moves to dismiss a claim for lack of personal jurisdiction, the plaintiff bears the burden of proving that personal jurisdiction exists. *Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Nat. Gas Antitrust Litig.)*, 715 F.3d 716, 741 (9th Cir. 2013) (internal citations omitted). Where the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). A court's duty is to inquire into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction, accepting the plaintiff's allegations as true. *Id.* Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true. Conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id.*

## II. Lorentz's objections

Lorentz objects to Judge Cavan's finding that AIS's alleged tortious acts occurred outside of Montana. To support this contention, Lorentz argues AIS committed the following acts in Montana: (1) offering customer service numbers for the claimants to call directly with any questions; (2) sending mail directly to the claimants, and (3) handling all appeals itself. However, Lorentz misrepresents the record. First, AIS's customer service number was included in a letter sent by Defendant Garrison Property and Casualty Insurance Company, which Lorentz

never called. Second, AIS never sent mail directly to Lorentz, and her citations to the record to support that claim are unfounded. Third, Garrison's letters indicated appeal correspondence should be sent to AIS, but Lorentz never initiated an appeal.

The records contains no evidence AIS ever communicated with Lorentz or committed any acts which could be reasonably construed as occurring in Montana. Lorentz's objections are overruled.

### III. Conclusion and order

It is hereby ordered:

1. Judge Cavan's findings and recommendation are adopted in full;

2. The objections are overruled; and

3. Defendant Auto Injury Solutions' motion to dismiss is granted; and

4. Defendant Auto Injury Solutions, Inc., is hereby dismissed.

DATED this 23 day of January, 2019.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge